IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAGUNA TUBULAR PRODUCTS | § | |
| CORPORATION and THE INSURANCE | § | |
| COMPANY OF THE STATE OF | § | |
| PENNSYLVANIA, | § | |
| Plaintiffs, | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | |
| | § | |
| THE BURLINGTON INSURANCE COMPANY, | § | |
| Defendant. | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Laguna Tubular Products Corporation ("Laguna") and The Insurance Company of the State of Pennsylvania ("ICSOP") petition this Court, pursuant to the Declaratory Judgment Act, 28 U.S.C. Section 2201, for a declaration that defendant The Burlington Insurance Company ("Burlington") has the duty to defend or indemnify Laguna and ICSOP in the underlying lawsuits. In support of this Complaint for Declaratory Judgment, plaintiffs would show as follows:

### I.
### NATURE OF THE CASE

1.1     This is a declaratory judgment action filed to determine whether the defendant Burlington has a duty to defend and indemnify Laguna in the in the underlying lawsuits styled:

(1)     *Tema Oil & Gas v. Trident Steel Corporation, Laguna Tubular Products Corporation, North American Interpipe, Inc. and O.C.T.G., LLP*, in the 295th Judicial District Court of Harris County, Texas, Cause No. 2014-70887 ("*Tema* Lawsuit");[1] and

---

[1]     The Plaintiff's First Amended Original Petition in the *Tema* Lawsuit is attached to this Complaint as Exhibit A.

**PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT - PAGE 1**

(2)   *North American Interpipe, Inc. v. Laguna Tubular Products Corporation v. O.C.T.G., LLP*, in the 113th Judicial District Court of Harris County, Texas, Cause No. 2016-00657 ("*NAI* Lawsuit").[2]

1.2   As discussed in further detail below, Laguna entered into a contract with Burlington's insured, OCTG, LLP ("OCTG"), which required OCTG to maintain an insurance policy naming Laguna as an additional insured. Plaintiffs assert that Burlington must provide Laguna a defense as an additional insured in the underlying lawsuits.

## II.
### PARTIES, JURISDICTION AND VENUE

2.1   Plaintiff Laguna is a corporation duly organized and existing under the laws of the State of Texas with its principal place of business in Houston, Texas. Plaintiff ICSOP is a corporation duly organized and existing under the law of the State of Illinois with its principal place of business in New York, New York.

2.2   Defendant Burlington is a corporation duly organized and existing under the law of the State of North Carolina with its principal place of business in Burlington, North Carolina. Liberty may be served with citation and a copy of this petition by serving the Commissioner of Insurance for the State of Texas, David Mattax, Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas, 78701.

2.3   Because the parties to this lawsuit are citizens of different states and the amount in controversy exceeds $75,000, this Court has jurisdiction under 28 U.S.C. Section 1332.

2.4   Venue is proper in this Court pursuant to 28 U.S.C. Section 1391(a)(1) and (2) because the insured and underlying defendant, Laguna, resides in the district, and a substantial part of the events or omissions giving rise to the underlying lawsuit occurred here. Moreover,

---

[2]   The Plaintiff's First Amended Original Petition in the *NAI* Lawsuit is attached to this Complaint as Exhibit B.

**PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT - PAGE 2**

both of the underlying lawsuits, as to which a declaration is sought, are pending in Harris County.

2.5     An actual controversy exists between the parties within the meaning of 28 U.S.C. Section 2201, and this Court is, therefore, vested with the power in the present case to declare and adjudicate the rights and other legal relationships of the parties in this action with reference to the issues raised by this Complaint.

### III.
### FACTS

3.1     Laguna entered into a contract—the Tubular Finishing Services Agreement (the "Contract")—with Burlington's insured, OCTG, on December 31, 2009.[3] According to the terms of the Contract, Laguna engaged OCTG to provide electromagnetic and ultrasonic testing and threading and related end finishing services.  Exhibit C at 2.

3.2     The Contract requires OCTG to provide insurance for claims arising "for damages because of bodily injury, sickness or disease, or death of any person other than Mill employees and contractors;" "for damages because of injury to or destruction of tangible property, including loss of use resulting therefrom;" and "claims involving general commercial liability or contractual liability to [OCTG]'s obligations under [the Contract], including its obligation of indemnification."  Exhibit C at 5.

3.3     The Contract also requires that OCTG retain a policy that covers Laguna "and its employees . . . as additional insureds."  Exhibit C at 6.

3.4     Both the *Tema* and the *NAI* Lawsuits arose out of damages to oil wells (owned by Tema Oil & Gas and Red Rocks Oil & Gas Operating) as a result of allegedly defective casing that was heat treated and inspected by Laguna *and* OCTG.

---

[3]     The Contract is attached to this Complaint as Exhibit C.

**PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT - PAGE 3**

3.5     The petition in the *Tema* Lawsuit alleges that Tema Oil & Gas ("Tema") purchased pipe from Trident Steel Corporation ("Trident") that had been heat treated by Laguna and inspected by Laguna's subcontractor, OCTG, LLP ("OCTG"). Exhibit A at 2. The casing Tema purchased from Trident allegedly failed due to Laguna's improper heat treatment of the casing, "which produced a hard, brittle structure that failed when subjected to service loads." Exhibit A at 3. As a result of this failure, Tema filed suit against Laguna, asserting negligence and strict products liability claims.  Exhibit A at 6.

3.6     The *NAI* Lawsuit arose after Laguna was dismissed from a lawsuit out of the Western District of Oklahoma for a lack of personal jurisdiction: *Red Rocks Resources LLC d/b/a Red Rocks Oil & Gas Operating v. Trident Steel Corporation*, Case No. CIV-14-948-C (the "*Red Rocks* Lawsuit"). As a result, NAI filed a lawsuit in Harris County, seeking indemnification and contribution from any liability assessed against NAI in the *Red Rocks* Lawsuit.

3.7     The petition in the *NAI* Lawsuit alleges that NAI contracted with Laguna to manufacture tubular casing (for oilfield use) via heat treatment, which NAI then sold to Red Rocks Resources, LLC ("Red Rocks"). Exhibit B at 2. NAI further alleges that the casing NAI sold to Red Rocks failed due to improper heat treatment Exhibit B at 2. As a result, Red Rocks filed suit against NAI in the United States District Court for the Western District of Oklahoma. Exhibit B at 2-3. When NAI attempted to bring Laguna in as a third party to the *Red Rocks* Lawsuit, the claim was dismissed for lack of personal jurisdiction.  Exhibit B at 3.

3.8     Thereafter, NAI filed the *NAI* Lawsuit against Laguna in Harris County, asserting that NAI is entitled to contribution and/or indemnity from Laguna toward any liability that may be found to exist from NAI to Red Rocks or Trident as a result of the occurrence made the basis of the *Red Rocks* Lawsuit. Exhibit B at 3. In the alternative and in addition to NAI's claim for

contribution and indemnity, NAI asserts the following: (1) strict products liability, (2) negligence, (3) breach of contract, (4) breach of warranty, and (5) a claim for declaratory relief. Exhibit B at 3-5.

3.9     Laguna filed a cross-claim against OCTG in the *NAI* Lawsuit, alleging that in the event that the casing is found defective, the breaches, acts and omissions on the part of OCTG— not Laguna—proximately caused the damages sustained by NAI.

## IV.
### CLAIMS FOR DECLARATORY RELIEF

4.1     Plaintiffs now seek a declaration that Burlington—as the insurer of OCTG—has a duty to defend and indemnify plaintiffs for the claims asserted against Laguna in the two underlying lawsuits.

4.2     OCTG performed inspection and threading services (as provided for and governed by the Contract) and bucked the couplings on the casing involved in the *Tema* and *NAI* Lawsuits. Those inspection services included the inspection of each joint of casing for cracking and other defects.

4.3     Laguna has been sued by Tema based on allegations including the existence of cracking in the subject casing, which resulted in damage to the oil and/or gas well operated by Tema. Laguna *and* OCTG have been sued by NAI, who seeks contribution and indemnification from Laguna for any liability arising from the suit brought by Red Rocks against NAI due to the alleged failure of Laguna's casing, which caused damage to an oil and/or gas well operated by Red Rocks.

4.4     Pursuant to the terms laid out in the Contract between Laguna and OCTG, OCTG was obligated to name Laguna as an additional insured on its policy with Burlington.

4.5    Despite Laguna's repeated attempts to tender a claim and request a defense from Burlington, Burlington has failed to provide a defense in either of the underlying lawsuits. This has caused ICSOP, as Laguna's primary insurer, and Laguna to incur significant additional costs related to its defense of Laguna in the underlying *Tema* and *NAI* Lawsuits.

4.6    Accordingly, Laguna and ICSOP seek a declaration that Burlington has the duty to defend and indemnify Laguna with regard to the claims asserted by NAI, Trident, and Tema in the underlying lawsuits.  ICSOP further seeks reimbursement of defense costs paid on behalf of Laguna from Burlington.

WHEREFORE, Laguna Tubular Products Corporation and The Insurance Company of the State of Pennsylvania seek a declaration that The Burlington Insurance Company is required to provide coverage for any and all claims made by any party in the underlying lawsuits, and for such other and further relief to which Laguna Tubular Products Corporation and the Insurance Company of the State of Pennsylvania may show themselves justly entitled.

Respectfully submitted,


s/Ellen Van Meir
Ellen Van Meir
Attorney-In-Charge
State Bar No. 00794164
Southern District Bar No. 20363
evanmeir@thompsoncoe.com

Ashley L. Mason
Of Counsel
State Bar No. 24083453
Southern District Bar No. 2285052
amason@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, LLP
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
(214) 871-8200
(214) 871-8209 – FAX
**COUNSEL FOR PLAINTIFFS LAGUNA
TUBULAR PRODUCTS CORPORATION and
THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA**